IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-69,454-02




EX PARTE CHRIS WAYNE SHUFFIELD




ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
FROM CAUSE NO. 01F0387-102 IN THE 102ND DISTRICT COURT
BOWIE COUNTY



           Per curiam. Meyers, J., dissents.

O P I N I O N

           This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.
           In February 2003, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant’s punishment at death. 
Applicant’s conviction and sentence were affirmed on direct appeal. Shuffield v. State, 189
S.W.3d 782 (Tex. Crim. App. 2006). Applicant’s initial post-conviction application for writ
of habeas corpus was denied. Ex parte Shuffield, No. WR-69,454-01 (Tex. Crim. App. April
30, 2008) (not selected for publication). 
           Applicant then filed a habeas petition in the United States District Court for the
Eastern District of Texas. See Shuffield v. Thaler, No. 6:08-cv-180 (U.S. Dist. – Tyler May
8, 2008) (not selected for publication). In August 2010, he moved to stay the federal habeas
proceedings in order to present an unexhausted claim in state court. Docket No. 44. The
federal district court granted the motion. Docket No. 47.
           Applicant filed this subsequent habeas application in the trial court on January 21,
2011, and the trial court forwarded the application to this Court. We found that the
requirements for consideration of a subsequent application had been met and remanded the
cause to the trial court for consideration of the allegation. Art. 11.071, § 5(a). The trial court
conducted a live evidentiary hearing and recommended granting relief.
           Applicant’s allegation is that this Court should reverse his sentence and remand his
case for a new punishment trial because the State’s failure to produce exculpatory evidence
and its presentation of false testimony violated his constitutional rights and contributed to his
punishment. 
           At trial, to demonstrate that applicant would constitute a future danger even in prison,
the State presented evidence that a shank had been found in applicant’s jail cell after a
confidential informant reported the shank to the warden. In 2010, Josh Barlow, an inmate
who had been housed in the same pod as applicant, informed a newspaper reporter that he
made the shank, planted it in applicant’s cell, and then reported it so that applicant would be
blamed. The habeas court conducted a live evidentiary hearing in which Barlow explained
how and why he planted the shank in applicant’s cell.
           Following the evidentiary hearing, the trial court found that the State did not fail to
produce exculpatory evidence or knowingly present false testimony. However, the trial court
also found that Barlow fashioned and planted the shank as described. Therefore the evidence
that applicant possessed the shank was false. The trial court also found that this evidence
was central to the State’s future dangerousness case and to the jury’s decision at punishment. 
The court concluded that applicant has shown by a preponderance of the evidence that this
evidence was material to the jury’s finding of future dangerousness and that it contributed
to applicant’s punishment.
           In post-conviction habeas corpus review, this Court is the ultimate fact finder, but the
trial judge is the original fact finder. This Court will defer to and accept the convicting
court’s findings of fact and conclusions of law, as long as they are supported by the record. 
This is particularly true in matters concerning the weight and credibility of the witnesses.
           The trial court’s findings of fact and conclusions of law are supported by the record,
with the exception of Finding Number 34, which states that Barlow pleaded guilty. 
Accordingly, we accept the court’s recommendation. We grant relief and remand the cause
for a new punishment hearing.
Delivered: May 21, 2014

Do Not Publish